UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MIMOSE JEAN-BAPTISTE,
STEVEN JEAN-BAPTISTE, and
CARL FITZJAMES,

        Plaintiffs,                          Memorandum and Order

                                                       10 Civ. 4094

   - against -

UNITED STATES OF AMERICA,

        Defendant.
-------------------------------------------------------x

GLASSER, United States District Judge:

Plaintiffs Mimose Jean-Baptiste, Steven Jean-Baptiste, and Carl Fitzjames (collectively, "plaintiffs") brought this action against the United States of America ("defendant" or "the United States") pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (the "FTCA"), alleging personal injuries arising from a traffic incident. Pursuant to Federal Rule of Civil Procedure 15(a), plaintiffs now move for leave to amend their Complaint to add defendants New York City Transit Authority ("NYCTA") and Jean J. Lahens ("Lahens"). For the following reasons, plaintiffs' motion is GRANTED.

## BACKGROUND

The following facts are undisputed, unless otherwise noted. On the morning of January 8, 2008, plaintiffs were passengers on NYCTA bus # 8460, driven by Lahens.

1

Compl. ¶¶ 7-8. At approximately 10:00 a.m. the bus was traveling on Nostrand Avenue in Brooklyn, New York, when it allegedly made a sudden stop or swerved to avoid colliding with a United States Postal Service ("USPS") vehicle driven by Ming Chang, also known as Nung Chang ("Chang"). Id. ¶¶ 9-11. As a result, plaintiffs allege they were thrown about the bus and injured. Id. ¶ 13.

Plaintiffs filed two actions arising from that incident. The first was commenced in New York Supreme Court on October 23, 2009 against the NYCTA, Manhattan and Bronx Surface Transit Operating Authority, MTA New York City Transit, and Lahens (the "state court action"). See Jean-Baptiste v. NYCTA, et al., No. 17678/2008 (Kings Cnty. Sup. Ct. Oct. 23, 2009). Discovery has ended in the state court action and the parties are prepared to go to trial. See Plaintiff's Pre-Motion Conference Letter dated Mar. 23, 2012 (Pls.' Pre-Motion Letter) (Dkt. No. 22) at 1.

Plaintiffs' second action was commenced on September 7, 2010 before this Court against USPS and Chang. Id. Pursuant to a stipulation among the parties, on January 6, 2010 the Court dismissed with prejudice plaintiffs' claims against USPS and Chang and amended the Complaint to name the United States as defendant. See Stipulation and Order of Partial Dismissal and Amendment of Caption (Dkt. No. 10). Depositions have been completed in the federal action but expert discovery is ongoing. Pls.' Pre-Motion Letter at 1.

2

On April 9, 2012, plaintiffs filed this motion to amend the Complaint to add NYCTA and Lahens as defendants, essentially seeking to consolidate the state and federal actions.[1]  The United States opposes the motion; NYCTA does not.

## DISCUSSION

### I.   Legal Standard

A motion to amend the Complaint is generally governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Where, as here, plaintiffs propose to add new parties, the motion is governed by Rule 21 of the Federal Rules of Civil Procedure, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  "Although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule." Clarke v. Fonix Corp., No. 98 Civ. 6116 (RPP), 1999 WL 105031, at *6 (S.D.N.Y. Mar. 1, 1999) (internal quotation marks omitted), aff'd, 199 F.3d 1321 (2d Cir. 1999).

Leave to amend may properly be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).  In opposition, the United States argues only that it will be

---

[1] The Court notes that, contrary to Local Civil Rule 7.1(a), plaintiffs' counsel filed no memoranda of law and, instead, submitted two affirmations. See Plaintiff's Motion to Amend the Complaint ("Serpico Aff.") (Dkt. No. 23); Reply Affirmation of Michael A. Serpico dated June 1, 2012 ("Serpico Reply Aff.") (Dkt. No. 28).

3

prejudiced by the amendment. Prejudice arises when the amendment would "'(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). "This analysis requires an assessment of 'not only the amount of time that passed before the movant sought to amend, but also the reasons for that delay and its practical impact on the other side's legitimate interests, including both that party's ability to respond to new claims or defenses and any other prejudice flowing from a delay in the final adjudication of the case.'" Sly Magazine, LLC v. Weider Publications LLC, 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (quoting Credit Suisse First Boston LLC v. Coeur d'Alene Mines Corp., No. 03 Civ. 9547 (PKL) (MHD), 2004 WL 2903772, at *3 (S.D.N.Y. Dec. 15, 2004)).

## II.     Defendant will not be Prejudiced by the Amendment

The United States argues it will be prejudiced by the amendment because "the depositions of plaintiffs taken in the federal case could not be used against the [NYC]TA at trial because it was not given notice and did not attend the federal depositions as required by Fed. R. Civ. P. 32(a)(1)(A)." Def.'s Mem. at 9. Rule 32(a)(1) requires that a deposition may only be used against a party if "the party was present or represented at the taking of the deposition." Contradictorily, the United States also argues "the [NYCTA] and plaintiffs could attempt to use the state court depositions against the United States at trial, which were conducted without counsel for the United States in attendance." Def.'s Mem. at 9. The United States provides no reason why Rule 32(a)(1) would apply to the United States but not to plaintiffs.

4

The only depositions conducted without the NYCTA present were the federal depositions of plaintiffs and Chang.  See Serpico Reply Aff. ¶¶ 5-6.  It is true that, pursuant to Rule 32(a)(1), the United States may not use the federal depositions of plaintiffs or Chang against the NYCTA.  However, the United States may use the state depositions of plaintiffs and Chang for that purpose or it may conduct a second deposition of these witnesses.  The facts of this case are very limited and additional depositions would not be unduly burdensome.

In addition, although not a party to the state court proceedings, all discovery in those proceedings has been made available to the United States.  See Serpico Aff. ¶ 29 (noting the discovery included "TA accident reports, police reports, TA Statutory Hearing Transcripts, Notices of Claim to the TA and all depositions from the state action").  The United States has already deposed Lahens and Richard Herman, the NYCTA supervisor who came to the accident scene.  See Serpico Reply Aff. ¶ 4 (noting the United States deposed Lahens and Herman with NYCTA counsel present).  For these reasons, the Court finds that the addition of the NYCTA and Lahens as defendants would not require the United States to expend significant, if any, additional resources to prepare for trial or significantly delay resolution of the dispute and therefore the United States will not be prejudiced by the amendment.

Finally, the Court notes that plaintiffs have provided a reasonable explanation for their delay in amending the Complaint.  See City of Syracuse v. Onondaga County, 464 F.3d 297, 308 (2d Cir.2006) ("Although Rule 21 contains no restrictions on when motions to add or drop parties must be made, the timing of the motion may influence the court's discretion in determining to grant it." (quotation omitted)).  Much of the

5

delay is attributable to a change in the Assistant United States Attorney assigned to this matter and confusion regarding the United States' intentions. The AUSA initially assigned to the case, Nancy Miller, indicated that she would seek to consolidate the state and federal actions more than a year ago. See Minute Entry for Proceedings Held before Magistrate Judge Robert M. Levy on April 15, 2011 (recording that, "defendant intends to remove that [state court] case to this court and consolidate it with this one"); Declaration of Kevan Cleary dated May 23, 2012 ("Cleary Decl.") ¶ 4. She subsequently determined that the Federal Rules of Civil Procedure do not permit a defendant to make such a motion, see Cleary Decl. ¶ 4, but this change in position evidently was not communicated to plaintiffs or to her successor when she took emergency medical leave in November 2011. See, e.g., Minute Entry for Proceedings Held before Magistrate Judge Robert M. Levy on January 11, 1012 (recording that "Mr. Cleary will advise by 1/13/12 whether he agrees to joinder of NYCTA and will attempt to determine whether prior counsel, Ms. Miller, agreed to do so"). In light of the foregoing, plaintiffs have not unreasonably delayed amending the Complaint.

## III.     Conclusion

For all of the foregoing reasons, plaintiffs' motion to amend the Complaint is GRANTED.

**SO ORDERED.**

Dated:    Brooklyn, New York
          July 31, 2012

                                                    /s/
                                        I. Leo Glasser, U.S.D.J.